64 F.3d 661
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
James Lamont PITT, Defendant-Appellant.
 No. 94-5631.
 United States Court of Appeals, Fourth Circuit.
 Submitted May 31, 1995.
Decided Aug. 14, 1995.
 
 William E. Buyrn, BUYRN & CROOK, Chesapeake, VA, for Appellant. Helen F. Fahey, United States Attorney, Laura M. Everhart, Assistant United States Attorney, Norfolk, VA, for Appellee.
 Before WILKINS, HAMILTON, and WILLIAMS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 James Lamont Pitt was convicted by a jury of distribution of crack cocaine on March 3, 1993, and possession of crack cocaine with intent to distribute on February 14, 1994, both in violation of 21 U.S.C.A. Sec. 841 (West 1981 & Supp.1995) (Counts One and Two). He was also convicted of possession of a firearm in relation to a drug trafficking crime on February 14, 1994, 18 U.S.C.A. Sec. 924(c) (West Supp.1995) (Count Three). Pitt was sentenced to a term of 151 months on the drug trafficking counts and to a consecutive term of 60 months for the Sec. 924(c) conviction. He appeals his conviction, alleging that evidence taken from his car in a warrantless search should have been suppressed. He also appeals his sentence, contending that the district court clearly erred by increasing his sentence for perjury in his trial testimony, USSG Sec. 3C1.1,* and by grouping both drug counts together under USSG Sec. 2D1.1(d). We find that the warrantless search was justified under the automobile exception to the Fourth Amendment, and affirm Pitt's conviction and sentence.
 
 
 2
 Pitt made a recorded sale of 27.55 grams of crack to a confidential informant in March 1993. In August 1993, Drug Enforcement Administration (DEA) Task Force agents confronted Pitt with the tape of the March transaction and asked if he would be willing to cooperate with authorities, but he refused to do so.
 
 
 3
 In February 1994, DEA Task Force Agent David Holcombe received information from a previously reliable informant who said Pitt was playing basketball at the Great Bridge Community Center in Chesapeake, Virginia, and that he had crack cocaine and digital scales in the trunk of his car. The informant described Pitt's car, with which Holcombe was already familiar. Holcombe arranged for local police to stake out the Community Center and arrived there in person about an hour after receiving the informant's call. An hour later, Pitt emerged from the Community Center, got into his car with several friends, and drove away.
 
 
 4
 A short distance from the Community Center, Pitt's car was pulled over and the trunk was searched without Pitt's consent. As Pitt got out of the car, he threw under the seat a small piece of folded cellophane containing white powder. A field test did not show the presence of cocaine, and the item was never subjected to laboratory analysis. In the trunk of the car, the officers found a duffle bag containing some of Pitt's personal items, 40.07 grams of crack, a loaded 9 mm handgun, and digital scales.
 
 
 5
 Pitt moved to suppress the items found in his car on the ground that the warrantless search violated the Fourth Amendment because the officers lacked probable cause to stop him or to search his car. In the suppression hearing, Pitt's attorney argued that, during the stakeout, Agent Holcombe had time to secure a search warrant from a state magistrate in a nearby state court building. Holcombe testified that applying for a search warrant at that time would have been premature because he believed he had not verified the informant's information until Pitt came out of the Community Center and got in the car. The government argued that probable cause to search the car arose only when Pitt got in the car and that, at that point, no search warrant was required under United States v. Ross, 456 U.S. 798 (1982). The district court determined that Ross was the governing law, that probable cause arose when Pitt got into his car, and that thereafter there was neither time to obtain a warrant nor any necessity for a warrant. Pitt's motion to suppress was denied.
 
 
 6
 On appeal, Pitt contends that the agent did not seek a search warrant because probable cause was lacking, and instead took advantage of the automobile exception to search without a warrant.
 
 
 7
 When law enforcement authorities have probable cause to believe that a vehicle, or a container within it, contains contraband or evidence of criminal activity, they may search the vehicle without first obtaining a warrant. Ross, 456 U.S. at 809 (1982) (automobile exception); United States v. Shepherd, 714 F.2d 316, 322-23 (4th Cir.1983), cert. denied, 466 U.S. 938 (1984). Probable cause is "a fair probability that contraband or evidence of a crime will be found in a particular place." Illinois v. Gates, 462 U.S. 213, 238 (1983). An informant's tip may give rise to probable cause; however, the informant's reliability is a factor, and corroboration of the details of the information provided is important in establishing probable cause to search. Id. at 244-45.
 
 
 8
 We have no difficulty in finding that the agent had probable cause to search at the time Pitt's car was stopped, and that the search came within the automobile exception. Agent Holcombe testified at the suppression hearing that the informant had previously provided reliable information which led to several felony convictions, and Holcombe had verified much of the informant's information by his own observations. Because of the informant's demonstrated reliability, Holcombe might have had sufficient information to obtain a warrant when he arrived at the Community Center and saw Pitt's car parked there.
 
 
 9
 The agent's decision to wait, to verify the existence of probable cause, and to conduct a warrantless search once probable cause was clearly established does not invalidate the search. Until Pitt came out of the Community Center and took control of the car, it was not clear that Pitt was the person using the car that day. The agent's objective, without question, was not merely to seize the drugs, but to identify and arrest the person selling them. As it turned out, the drugs, gun, and scales were all together in a duffle bag with personal items belonging to Pitt. But the agent could not know, before making the search, that a connection to Pitt would be easily established. An immediate search under a warrant might have yielded the drugs, but no clear evidence of who owned the drugs.
 
 
 10
 Pitt argues that Holcombe's failure to obtain a warrant while Pitt was still in the Community Center reveals that the evidence to establish probable cause was weak. His argument only underscores the wisdom of the agent's decision to wait until he was sure probable cause was present. Pitt also argues that the agent created the exigent circumstances which made a warrantless search necessary. However, as explained before, the decision to wait for Pitt's appearance was reasonable.
 
 
 11
 Although the trial transcript is not included in the joint appendix, it is clear from the presentence report and the parties' briefs that Pitt testified in his own defense, denying that the items in the trunk belonged to him, and denying that he made the March 1993 crack sale. A 2-level adjustment may be given pursuant to guideline section 3C1.1 when the district court finds that the defendant has committed perjury in his testimony at trial. United States v. Dunnigan, 61 U.S.L.W. 4180, 4183 (U.S.1993). The district court heard Pitt's trial testimony and found at sentencing that he had committed perjury by testifying falsely on a material matter. This finding is sufficient to justify the adjustment under Dunnigan and section 3C1.1.
 
 
 12
 Finally, we find no error in the grouping of Counts One and Two to determine the guideline range. Under guideline section 3D1.2(d), drug offenses covered by guideline section 2D1.1 are grouped together in a single group. Both of Pitt's drug offenses were covered by section 2D1.1, and they were correctly grouped together.
 
 
 13
 The conviction and sentence are therefore affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 United States Sentencing Commission, Guidelines Manual (Nov.1993)